**In the Matter of the WELFARE OF P.M.P., Child.**

**No. C4-86-659.**

Court of Appeals of Minnesota.

Aug. 12, 1986.

John R. Krouss, Baudette, for respondent.

Michael Jaksa, Shermoen, LeDuc & Jaksa, International Falls, for appellant.

Considered and decided by PARKER, P.J., and LANSING and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This appeal is from the trial court's adjudication of delinquency and finding that P.M.P. committed criminal damage to property. P.M.P. maintains that the evidence is insufficient to prove beyond a reasonable doubt each element of the charged offense. We reverse.

## FACTS

On January 31, 1986, P.M.P. and his friend B.E. skipped classes at the high school in Baudette, Minnesota and wandered into a nearby alley. B.E. told P.M.P. he planned to break several windows in an abandoned building located across the alley from the local Sears store.

B.E. testified that he broke one window with his gloved fist. A second window was then taken out by P.M.P. and thrown on the ground. B.E. broke it when he. stamped on the glass with his feet. B.E. further testified that P.M.P. took out several more windows to look inside the build-

ing. Although B.E. did not see P.M.P. break any windows, he noticed after the police arrived that more than two windows had been broken.

A Baudette police officer testified that the owner of the Sears store approached him on the street and told him there were some boys breaking windows in the old building behind her store. The police officer walked to the alley and discovered B.E. and P.M.P. standing just north of the old building where the windows had been broken. The officer escorted the two boys to the school principal's office and then to the law enforcement center where they were met by the boys' parents. Although the officer testified that P.M.P. admitted breaking a window, the admission was excluded by the trial court because an incomplete Miranda warning was given.[1]

P.M.P. testified that he broke the window by accident when he slipped and fell on a snowbank. As he attempted to regain his balance he put his hand through a window. He admitted that he did not have permission from the owner to be near the building.

P.M.P.'s mother testified that she talked to P.M.P. immediately after arriving at the law enforcement center to pick him up. P.M.P. told her that he and B.E. had skipped out of school and that he had accidentally broken a window in the old building when he lost his footing on a snowbank.

## ISSUE

Is the evidence sufficient to sustain the trial court's adjudication of delinquency?

## DISCUSSION

1. In juvenile delinquency proceedings the prosecution must prove beyond a reasonable doubt the truth of the petition. *In re Winship*, 397 U.S. 358, 368, 90 S.Ct. 1068, 1074, 25 L.Ed.2d 368 (1970). On appeal the sufficiency of the evidence is

---

1. The testimony was readmitted when P.M.P. later testified that he broke a window by acci- dent.

viewed in a light most favorable to the prosecution. *In re the Welfare of M.D.S.,* 345 N.W.2d 723, 727 n. 1 (Minn.1984).

P.M.P. was charged with criminally causing less than $300 damage to property. *See* Minn.Stat. § 609.595, subd. 2 (1984). There are four elements to the crime: (1) the defendant must intentionally cause damage to property; (2) the property must be that of another; (3) there must not be consent by the owner to the damaging of the property; and (4) the defendant's act must have taken place in the county where the offense was charged. *See* 10 *Minnesota Practice* (CRIMJIG 18.18) (2d ed. 1985).

The State's proof is legally insufficient to establish beyond a reasonable doubt that P.M.P. participated in the offense charged. The only evidence presented by the prosecution of criminal damage was B.E.'s testimony that P.M.P. took out a window and threw it on the ground. It was later broken not by P.M.P. but by B.E. who smashed it with his feet. Although B.E. testified that there were more windows broken than the two he broke, he admitted that he did not see or hear P.M.P. break them despite the fact B.E. was only a few feet away from P.M.P. at all times. Thus, there was no direct evidence that P.M.P. either broke a window or participated directly in the damage to the windows done by B.E.

The trial court disregarded the admission by P.M.P. that he broke the window by accident as unreliable. Such a determination however relates only to the credibility of the defense witness and the weight to be given his testimony not to the evidence necessary to be shown by the State to support a finding of criminal damage to property. The trial court based its finding upon the testimony of B.E. not the testimony of P.M.P. B.E.'s testimony, as we have already concluded, does not establish beyond a reasonable doubt P.M.P.'s participation in the offense charged.

## DECISION

Reversed.